PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 03 2008

at ___ o'clock and ___ m___ ___M.
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  KEITH STANCIL          Case Number:  CR 04-00412HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence:  6/23/2005

Original Offense:   Count 1: Possession of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A), a Class A felony

Original Sentence:   Sixty (60) months imprisonment and five (5) years supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing, at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision: Supervised Release    Date Supervision Commenced: 3/14/2008

### PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

   *Special Condition 4:*   *That the defendant serve 3 months of home detention, with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence*

Prob 12B
(7/93)

2

*without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

*Special Condition 5:*   *That the defendant is prohibited from possessing and consuming alcohol throughout the term of supervised release.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 3 | On 4/28/2008 and 5/3/2008, the offender failed to answer truthfully all inquiries by the Probation Officer. |

Since the commencement of supervised release on 3/14/2008, the offender has struggled to maintain stable employment and abide by the conditions of supervised release. During the first month of supervision, the offender was employed full-time as a carpenter; however, he was laid off on 4/16/2008 due to a slow down in work. On 5/20/2008, the offender reported that he was hired as a sub-contractor with Pacific Current, however according to his employer, the construction job will be completed on or about 6/3/2008. As a result, the offender will again be unemployed and looking for work. Of concern is that while attempting to establish some degree of stability, the offender has been associating with questionable individuals and consuming alcohol while enrolled in a substance abuse treatment program. Compounding the problem is that the offender has been untruthful in an attempt to conceal these activities.

**Violation No. 1 - On 4/28/2008 and 5/3/2008, the Offender Failed to Answer Truthfully All Inquiries by the Probation Officer:** The Court should be aware that during the first few weeks of supervision, our office received confidential information that the offender was associating with known felons. Subsequently, on 4/28/2008, the offender was questioned by this officer about his daily activities and associations. The offender denied having any contact with any known felons and claimed he did not know anyone on the island of Oahu because he is originally from the Big Island.

On 5/3/2008, this officer conducted an unannounced home inspection at the offender's residence. During the home inspection, an unidentified female was present in his home. When the female was out of our presence, the offender reported that she was his cousin. However, the offender later recanted and admitted that the female was not his cousin and that he met her last night on the streets of Kailua. When this officer questioned the female, she reported meeting the offender at the Fashion 45 night club

Prob 12B
(7/93)

3

located in Waikiki. As a result of her statement, the offender admitted that he was untruthful and that he met her as she stated. The female did not want to be questioned further by this officer and left the residence.

During the course of the conversation with the offender on 5/3/2008, he confessed that he was untruthful about his association with felons. He recognized that his contact with certain individuals was prohibited by his supervised release conditions. Specifically, the offender stated that he had contact with Yasushi Arakaki and another individual known to him as Marky Mark, both of whom he met while in prison and were presumed felons. However, the offender stated that he coincidentally encountered both individuals at the Ala Moana Shopping Center and did not make prior arrangements to meet. The offender denied having any ongoing relationship with any convicted felons or questionable individuals. The offender acknowledged that he was untruthful with this officer when questioned on 4/28/2008. He was apologetic and stated that he resorted to lying because he was afraid of the consequences. The offender was verbally admonished by this officer.

It is noted that Yasushi Arakaki had his supervised release revoked by U.S. District Judge David Alan Ezra in June 2006. He had been convicted of Felon in Possession of a Firearm and was completing a three (3) year term of supervised release after having served thirty-six (36) months of imprisonment. Mr. Arakaki's supervised release was revoked for, among other violations, his use of alcohol and methamphetamine. He received a statutory sentence of twenty-four (24) months imprisonment with no subsequent term of supervised release. Our office has not established the identity of Marky Mark.

As already mentioned, the offender also consumed alcohol while enrolled in substance abuse treatment. As background, the offender was enrolled in an outpatient substance abuse treatment program at Freedom Recovery Services at his processing on 3/14/2008. The rules and conditions of the treatment program were reviewed with the offender at that time. This review included the requirement that the offender abstain from alcohol consumption while enrolled in the 1-year program. During a follow-up discussion with the offender on 5/6/2008 regarding his associations, the offender stated that he bumped into Marky Mark on or about 4/18/2008 at the Mai Tai Bar located in the Ala Moana Shopping Center. After they met, the offender stated that he consumed approximately three (3) beers with him. At the time, the offender acknowledged that he knew he was not suppose to associate with this individual or consume alcohol.

In an effort to most effectively monitor this offender as he transitions back into the community, it is respectfully recommended that the Court modify the conditions of supervised release to require his confinement to his residence for a period of three (3) months. This added condition will also serve as a sanction for the offender's noncompliance. The requested condition prohibiting the offender from the possession

Prob 12B
(7/93)

4

and consumption of alcohol is also warranted considering his use of alcohol while in treatment, his history of substance abuse, and his prior conviction for Driving Under the Influence of Alcohol in 1994.

With respect to therapeutic measures, the offender has agreed to discuss his alcohol use with his substance abuse counselor. Should there be a need to modify or increase substance abuse treatment, our office will make the necessary adjustments. Furthermore, the offender has agreed to participate in an in-house cognitive behavioral based program designed to help him address his self-reported lack of self-control.

By imposing the recommended special conditions, the Court will hold the offender accountable for his noncompliance, but at the same time, provide the offender an opportunity to make positive life changes. His honesty, albeit untimely, indicates that he is motivated to succeed on supervision and positively reintegrate into the community. Our office will be closely monitoring the offender's employment status and overall stability. Should the offender continue to violate, we will immediately notify the Court with an appropriate recommendation. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office were notified of the proposed modifications.

Respectfully submitted by,

*Timoth M.* for:

JOYCE K.F.K. LUM
U.S. Probation Officer

Approved by:

*Timoth M.*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 5/30/2008

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ ]   No Action
[✓]   The Modification of Conditions as Noted Above
[ ]   Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____
5·30·08
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[X]   To modify the conditions of supervision as follows:

**Special Condition:**   That the defendant serve 3 months of home detention, with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

**Special Condition:**   That the defendant is prohibited from possessing and consuming alcohol throughout the term of supervised release.

Witness: _____
JOYCE K. F. K. LUM
U.S. Probation Officer

Signed: _____
KEITH STANCIL
Supervised Releasee

5/6/08
Date